UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ANIBAL VILLA,

                                 Plaintiff,           **COMPLAINT**

    -against-

THE CITY OF NEW YORK, P.O.s  "JANE DOE" #1 and        11 Civ. 1669 (RJS)
#2, Individually and in their Official Capacities, (the name
"Jane Doe" being fictitious, as the true names are presently
unknown), and FILENE'S BASEMENT, LLC,          **JURY TRIAL DEMANDED**

                                Defendants.

--------------------------------------------------------------------X

     Plaintiff ANIBAL VILLA, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.  Plaintiff also asserts supplemental state law tort claims against defendant

FILENE'S BASEMENT, LLC ("FILENE'S").

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff ANIBAL VILLA is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    That at all times hereinafter mentioned, defendant FILENE'S was and still is a foreign (Delaware) corporation, licensed to do business in the State of New York.

8.    That at all times hereinafter mentioned defendant FILENE'S was and still is a foreign (Delaware) corporation doing business in the State of New York.

9.    That at all times hereinafter mentioned, defendant FILENE'S owned, operated, managed, maintained, and controlled a department store at the premises designated as 40 E. 14th Street, in the County, City, and State of New York.

10.    That at all times hereinafter mentioned, the security personnel described herein were employees, servants and/or agents of defendant FILENE'S and were acting under the supervision of said defendant and according to their official duties.

11.    That at all times hereinafter mentioned, the security personnel described herein were acting within the scope of their employment, and on behalf of their employer, defendant FILENE'S.

12.    Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13.    Defendant THE CITY OF NEW YORK maintains the New York City Police

Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14.     That at all times hereinafter mentioned, the individually named defendants P.O.s "JANE DOE" #1 and #2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15.     Each and all of the acts of defendants P.O.s  "JANE DOE" #1 and #2 alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

16.     Each and all of the acts of defendants P.O.s  "JANE DOE" #1 and #2 alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

17.     That at all times hereinafter mentioned, all defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## FACTS

18.     On March 11, 2010, at approximately 2:30 p.m., plaintiff ANIBAL VILLA was lawfully present in the FILENE'S department store at the premises designated as 40 E. 14th Street, in the County, City, and State of New York.

19.     At the aforesaid time and place, plaintiff ANIBAL VILLA was suddenly accosted by security personnel employed by defendant FILENE'S.

20.     FILENE'S security personnel forced plaintiff ANIBAL VILLA to accompany them to an office in the store, where they forcibly detained him for approximately three hours.

21.     At some point during plaintiff's unlawful confinement, defendants P.O.s "JANE DOE" #1 and #2 arrived at the scene.

22.     Defendants P.O.s "JANE DOE" #1 and #2 conferred with the FILENE'S security personnel.

23.     Defendants P.O.s "JANE DOE" #1 and #2 failed to do any investigation whatsoever into the allegations of FILENE'S security personnel.

24.     Defendants P.O.s "JANE DOE" #1 and #2 handcuffed plaintiff ANIBAL VILLA too tightly and and took him into police custody, despite defendants' knowledge that they lacked probable cause to do so.

25.     As a result of being handcuffed too tightly, plaintiff ANIBAL VILLA sustained injuries to his wrists.

26.     Defendants P.O.s "JANE DOE" #1 and #2 transported plaintiff ANIBAL VILLA to a precinct of the New York City Police Department in Manhattan.

27.     Plaintiff ANIBAL VILLA was held and detained in police custody for approximately four hours before being released with a Desk Appearance Ticket.

28.     All defendants initiated criminal proceedings against plaintiff ANIBAL VILLA, despite defendants' knowledge that they lacked probable cause to do so.

29.     During the period between March 11, 2010 and December 7, 2010, plaintiff ANIBAL VILLA was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against her.

30.     On or about December 7, 2010, all charges against plaintiff ANIBAL VILLA

were dismissed on speedy trial grounds.

31.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

32.     Upon information and belief, employees of defendant FILENE'S routinely operate as willful participants in joint activity with members of NYPD in arresting and prosecuting alleged lawbreakers.

33.     Upon information and belief, members of NYPD routinely arrest and prosecute alleged lawbreakers accused by employees of defendant FILENE'S without investigating, assessing, evaluating or verifying the allegations.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of all defendants, their agents, servants and employees, were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff ANIBAL VILLA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37.     The acts complained of were carried out by defendants P.O.s  "JANE DOE" #1 and #2 in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

38.     The acts complained of were carried out by defendants P.O.s  "JANE DOE" #1 and #2 in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     The acts complained of were carried out by employees of defendant FILENE's while operating as willful participants in joint activity with members of the New York City Police Department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority/business entity, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     As a result of the aforesaid conduct by defendants, plaintiff ANIBAL VILLA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

43.     As a result of the foregoing, plaintiff ANIBAL VILLA's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants P.O.s  "JANE DOE" #1 and #2 was

objectively unreasonable and in violation of plaintiff's constitutional rights.

46.     As a result of the aforementioned conduct of defendants P.O.s  "JANE DOE" #1 and #2, plaintiff was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants misrepresented and falsified evidence before the District Attorney.

49.     Defendants did not make a complete and full statement of facts to the District Attorney.

50.     Defendants withheld exculpatory evidence from the District Attorney.

51.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ANIBAL VILLA.

52.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff ANIBAL VILLA.

53.     Defendants acted with malice in initiating criminal proceedings against plaintiff NAEEM BROWN.

54.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ANIBAL VILLA.

55.     Defendants lacked probable cause to continue criminal proceedings against plaintiff ANIBAL VILLA.

56.     Defendants acted with malice in continuing criminal proceedings against plaintiff ANIBAL VILLA.

57.     Defendants misrepresented and falsified evidence throughout all phases of the

criminal proceeding.

58.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ANIBAL VILLA's favor on December 7, 2010, when all charges against him were dismissed.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants issued legal process to place plaintiff ANIBAL VILLA under arrest.

61.     Defendants arrested plaintiff ANIBAL VILLA in order to obtain a collateral objective outside the legitimate ends of the legal process.

62.     Defendants acted with intent to do harm to plaintiff ANIBAL VILLA without excuse or justification.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants created false evidence against plaintiff ANIBAL VILLA.

65.     Defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

66.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

67.     In creating and forwarding false information to prosecutors, defendants violated plaintiff ANIBAL VILLA's constitutional right to a fair trial under the Due Process Clause of

the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1983

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff ANIBAL VILLA of his constitutional rights.

70.     In participating in the false arrest and malicious prosecution of plaintiff ANIBAL VILLA, defendants committed overt acts in furtherance of the conspiracy.

71.     As a result of the foregoing, plaintiff ANIBAL VILLA sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1985

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff ANIBAL VILLA of his constitutional right to equal protection under the law.

74.     In participating in the assault on and false arrest of plaintiff ANIBAL VILLA, defendants committed overt acts in furtherance of the conspiracy.

75.     Defendants' actions were motivated by racial and/or ethnic animus.

76.     As a result of the foregoing, plaintiff ANIBAL VILLA sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and

deprivation of his constitutional rights.

## NINTH CAUSE OF ACTION
### 42 U.S.C. § 1981

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as if fully set forth herein.

78.     All of the aforementioned acts of defendants, their agents, servants and employees, violated 42 U.S.C. § 1981 by depriving plaintiff ANIBAL VILLA of his constitutional and statutory rights with racial animus.

79.     Defendants' conduct was knowingly undertaken with the intent to deny plaintiff ANIBAL VILLA his right to full and equal benefit of the laws as is enjoyed by white citizens.

80.     As a result of defendants' unlawful actions, plaintiff ANIBAL VILLA has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

## TENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants P.O.s  "JANE DOE" #1 and #2 assaulted and arrested plaintiff ANIBAL VILLA in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said assault and arrest would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

83.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

84.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

85.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting minority individuals based upon unsubstantiated allegations by retail establishments, without in any way investigating, assessing, evaluating or verifying such allegations; and using excessive force on minority males while taking them into custody.

86.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Kwambe Elton Price v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 5081;

- **Shirley Adrakor v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 9423;

- **Tyryn Bey v. City of New York,** United States District Court, Eastern District of New York, 04 Civ. 1773;

- **Terri Johnson v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0630;

- **Bradley Funnye v. Paragon Sporting Goods Co.,** United States District Court, Southern District of New York, 98 Civ. 7731;

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242; and

- **<u>Anwaar Muhammad v. City of New York,</u>** United States District Court, Eastern District of New York, 04 CV 1044.

87.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANIBAL VILLA.

88.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANIBAL VILLA as alleged herein.

89.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ANIBAL VILLA as alleged herein.

90.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ANIBAL VILLA was unlawfully assaulted and arrested.

91.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANIBAL VILLA.

92.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANIBAL VILLA's constitutional rights.

93.    All of the foregoing acts by defendants deprived plaintiff ANIBAL VILLA of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    Not to have excessive force imposed upon him;

D.    To be free from unwarranted and malicious criminal prosecution;

E.    To be free from malicious abuse of process;

F.    Not to have cruel and unusual punishment imposed upon him; and

G.    To receive equal protection under the law.

94.    As a result of the foregoing, plaintiff ANIBAL VILLA is entitled to compensatory damages against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) and against FILENE'S in the sum of one million dollars ($1,000,000.00), and is further entitled to punitive damages against defendants P.O.s  "JANE DOE" #1 and #2 in the sum of one million dollars ($1,000,000.00) and against FILENE'S in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS AGAINST
## FILENE'S BASEMENT, LLC

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    Defendant FILENE'S, through its employees, servants and/or agents, arrested and/or caused the arrest of plaintiff ANIBAL VILLA.

97.    Defendant FILENE'S, through its employees, servants and/or agents, provided false and misleading information to the New York City Police Department in order to secure the arrest of plaintiff ANIBAL VILLA.

98.    As a result of the aforesaid conduct by defendant FILENE'S, plaintiff ANIBAL VILLA was subjected to an illegal, improper and false arrest and was taken into custody and

caused to be falsely imprisoned, detained, and confined.

99.    The aforesaid actions by defendant FILENE'S led to a deprivation of plaintiff ANIBAL VILLA's rights as secured under New York State law.

100.    As a result of the aforementioned conduct, plaintiff ANIBAL VILLA has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of the foregoing, plaintiff ANIBAL VILLA was falsely imprisoned by defendant FILENE'S, his liberty was restricted, he was put in fear for his safety, and he was humiliated.

103.    Plaintiff ANIBAL VILLA was conscious of said confinement and did not consent to same.

104.    The confinement of plaintiff ANIBAL VILLA was without probable cause and was not otherwise privileged

105.    As a result of the aforementioned conduct, plaintiff ANIBAL VILLA has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth

herein.

107.    The aforementioned actions of defendant FILENE'S' employees, servants and/or agents placed plaintiff ANIBAL VILLA in apprehension of imminent harmful and offensive bodily contact.

108.    As a result of the conduct of defendant FILENE'S' employees, servants and/or agents, plaintiff ANIBAL VILLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**BATTERY**

109.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Defendant FILENE'S' employees, servants and/or agents touched plaintiff ANIBAL VILLA in a harmful and offensive manner.

111.    Defendant FILENE'S' employees, servants and/or agents did so without privilege or consent from plaintiff ANIBAL VILLA.

112.    As a result of the conduct of defendant FILENE'S' employees, servants and/or agents, plaintiff ANIBAL VILLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**PRIMA FACIE TORT**

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant FILENE'S, by the aforesaid conduct, inflicted harm upon plaintiff

ANIBAL VILLA.

115.    The aforesaid conduct of defendant FILENE'S was intentional.

116.    The aforesaid conduct of defendant FILENE'S was without any excuse or justification

117.    As a result of the conduct of defendant FILENE'S, plaintiff ANIBAL VILLA sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

**SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>MALICIOUS PROSECUTION</u>**

118.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    Defendant FILENE'S, through its employees, servants and/or agents, provided prosecutors with false information in an attempt to induce the prosecution of plaintiff ANIBAL VILLA.

120.    Defendant FILENE'S, through its employees, servants and/or agents, importuned prosecutors to prosecute plaintiff ANIBAL VILLA.

121.    As a result of the conduct of defendant FILENE'S employees, servants and/or agents, a criminal proceeding against plaintiff ANIBAL VILLA was commenced on or about March 11, 2010.

122.    Defendant FILENE'S, through its employees, servants and/or agents, urged the continuation of said proceeding despite the fact that they knew or should have known that plaintiff ANIBAL VILLA had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and

imprisonment of plaintiff.

123.    Defendant FILENE'S, through its employees, servants and/or agents, was directly and actively involved in the initiation of criminal proceedings against plaintiff ANIBAL VILLA.

124.    Defendant FILENE'S and defendants JOHN and JANE DOE #11-20 knew or should have known that there was no probable cause to initiate criminal proceedings against plaintiff ANIBAL VILLA.

125.    Defendant FILENE'S, through its employees, servants and/or agents, was motivated by actual malice in initiating criminal proceedings against plaintiff ANIBAL VILLA.

126.    Defendant FILENE'S, through its employees, servants and/or agents, misrepresented and falsified evidence before the District Attorney.

127.    Defendant FILENE'S, through its employees, servants and/or agents, did not make a complete and full statement of facts to the District Attorney.

128.    Defendant FILENE'S, through its employees, servants and/or agents, withheld exculpatory evidence from the District Attorney.

129.    Defendant FILENE'S, through its employees, servants and/or agents, was directly and actively involved in the continuation of criminal proceedings against plaintiff ANIBAL VILLA.

130.    Defendant FILENE'S, through its employees, servants and/or agents, knew or should have known that there was no probable cause to urge the continuation of criminal proceedings against plaintiff ANIBAL VILLA.

131.    Defendant FILENE'S, through its employees, servants and/or agents, was motivated by actual malice in urging the continuation of criminal proceedings against plaintiff ANIBAL VILLA.

132.    Notwithstanding the perjurious and fraudulent conduct of defendant FILENE'S , through its employees, servants and/or agents, the criminal proceedings were terminated in plaintiff ANIBAL VILLA's favor on or about December 7, 2010, when all charges against him were dismissed.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS ABUSE OF PROCESS

133.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Defendant FILENE'S, through its employees, servants and/or agents, urged defendants P.O.s  "Jane Doe" #1 and #2 to issue legal process to place plaintiff ANIBAL VILLA under arrest.

135.    Defendant FILENE'S, through its employees, servants and/or agents, FILENE'S urged defendants P.O.s  "Jane Doe" #1 and #2 to arrest plaintiff ANIBAL VILLA to obtain a collateral objective outside the legitimate ends of the legal process.

136.    Defendant FILENE'S, through its employees, servants and/or agents, acted with intent to do harm to plaintiff ANIBAL VILLA, without excuse or justification.

137.    As a result of the aforementioned conduct, plaintiff ANIBAL VILLA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as if fully set forth

herein.

139.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

140.   The aforementioned conduct was committed by employees, servants and/or agents of defendant FILENE'S, while acting within the scope of their employment.

141.   The aforementioned conduct was committed by employees, servants and/or agents of defendant FILENE'S, while acting in furtherance of their employment.

142.   The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff ANIBAL VILLA.

143.   As a result of the aforementioned conduct, plaintiff ANIBAL VILLA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

144.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

146.   The aforementioned conduct was negligent and caused severe emotional distress to plaintiff ANIBAL VILLA.

147.   The aforementioned conduct was committed by employees, servants and/or agents of defendant FILENE'S, while acting within the scope of their employment.

148.    The aforementioned conduct was committed by employees, servants and/or agents of defendant FILENE'S, while acting in furtherance of their employment.

149.    As a result of the aforementioned conduct, plaintiff ANIBAL VILLA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

150.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "149" with the same force and effect as if fully set forth herein.

151.    Upon information and belief, defendant FILENE'S failed to use reasonable care in the hiring and retention of the employees who assaulted plaintiff ANIBAL VILLA and caused him to be arrested and prosecuted.

152.    Defendant FILENE'S knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

153.    As a result of the conduct of defendant FILENE'S, plaintiff ANIBAL VILLA sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

**ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

154.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "153" with the same force and effect as if fully set forth herein.

155.    Upon information and belief, defendant FILENE'S failed to use reasonable care in the training and supervision of the aforesaid employees assaulted plaintiff ANIBAL VILLA and caused him to be arrested and prosecuted.

156.    As a result of the conduct of defendant FILENE'S, plaintiff ANIBAL VILLA sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

157.    As a result of the foregoing, plaintiff ANIBAL VILLA is entitled to compensatory damages against defendant FILENE'S in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) in compensatory damages and against defendant FILENE'S in the sum of one million dollars ($1,000,000.00) in compensatory damages, and further demands judgment against defendants P.O.s  "JANE DOE" #1 and #2 in the sum of one million dollars ($1,000,000.00) in punitive damages and against defendant FILENE'S in the sum of one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            March 10, 2011

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355